IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)   Criminal No. 3:19-cr-47<br>v. )<br>)<br>VIOLET ANNE GOLDEN, )<br>)<br>Defendant. )<br>_____ ) | |

## PLEA AGREEMENT

### 1. PARTIES TO THE AGREEMENT

This agreement is entered into by defendant Violet Anne Golden, David Cattie, attorney for Violet Anne Golden, and the United States Attorney for the District of the Virgin Islands. This agreement specifically excludes and does not bind any other territorial, state or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant.

### 2. TERMS

The parties agree to the following terms:

a. Defendant will plead guilty to Counts Four and Twenty-Seven of the Superseding Indictment. Count Four charges a violation of Title 18, United States Code, Section 666, which carries a ten-year maximum term of imprisonment, a maximum fine of $250,000, a term of supervised release of no more than three years, and a $100 special monetary assessment. Count Twenty-Seven charges a violation of Title 33, Virgin Islands Code, Section 1524, which carries with it a maximum term of imprisonment of one year and a maximum fine of $10,000.

b. Defendant acknowledges that the government can prove the following essential elements of Count Four:

    1. The defendant was an agent of a state, local, or Indian tribal government;

    2. The organization, government, or agency, received benefits in excess of $10,000 in a one-year period pursuant to a federal program involving a grant, a contract, a subsidy, a loan, a guarantee, insurance, of other form of federal assistance; and

    3. The defendant embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted to the use of any person other than the rightful owner, or intentionally misapplied, property;

    4. The property had a value of $5,000 or more;

    5. The property was owned by or under the care, custody, and control of such organization, government, or agency.

  c. Defendant acknowledges that the government can prove the following essential elements of Count Twenty-Seven:

    1. The defendant was a person required to file a return with the Virgin Islands Bureau of Revenue;

    2. The defendant failed to file at the time required by law; and

    3. The failure to file was willful.

  d. Defendant is pleading guilty because defendant is in fact guilty of the charges contained in Counts Four and Twenty-Seven. In pleading guilty to this offense, defendant acknowledges that should the case go to trial, the government could present evidence to support this charge beyond a reasonable doubt. Specifically, the government could prove that in calendar year 2015, the defendant earned income of $105,000 as Chairperson of the Virgin Islands Casino Commission, a division of the Virgin Islands government, an entity that received more than $10,000 from the federal government in each year from 2015-2018. Despite earning the aforementioned income, the defendant failed to file an income tax return with the Virgin Islands

Bureau of Internal Revenue on or before April 18, 2016 as required by law. Further, from 2015-2018 the defendant, as Chairperson of the Virgin Islands Casino Control Commission, without authorization diverted funds of said Commission for her own personal benefit and the benefit of others, including Stephanie Barnes, in an aggregate amount of $295,503. The defendant did this by wiring Commission funds, writing and having cashed Commission checks for her own personal benefit, and by making personal purchases with the Commission credit card that were paid down with Commission funds.

    e. Upon the District Court's adjudication of guilt for Count 4 and Count 27 of the Superseding Indictment, the United States Attorney for the District of the Virgin Islands will move to dismiss all remaining Counts against Defendant and will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which the defendant has pled. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

    f. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of his conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

### 3. SENTENCING GUIDELINES

The parties understand and agree that the defendant will be sentenced in accordance with the United States Sentencing Guidelines which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the

facts and events provided by the parties. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties. The parties understand and agree that the Defendant's sentencing level will be determined according to the loss determined pursuant to U.S.S.G. § 2B1.1, and shall include relevant enhancements, adjustments, etc. Both parties agree, pursuant to Rule 11(c)(1)(B), that the loss figure as to Count 4, for the purposes of calculating the defendant's Sentencing Guidelines range, including relevant conduct, is $295,503.

a. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG §3E1.1. Assuming the defendant does in fact accept responsibility, the government agrees to also file a motion requesting that the defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (I) the Court determines that the total combined offense level is 16 or greater prior to the operation of USSG §3E1.1; and, (ii) the defendant thereafter actually enters plea(s) of guilty at the time scheduled.

b. <u>Criminal History Category</u>. The parties do not stipulate to defendant's Criminal History Category (CHC), but believe it is CHC I. Should defendant's CHC be greater than I, the parties agree to apply that CHC to the applicable guideline range for the calculations set forth above.

c. <u>Supervised Release.</u> The Sentencing Guidelines require a term of supervised release of one to three years. USSG § 5D1.2(a)(2).

d. If the defendant agrees to provide substantial assistance in the investigation or prosecution of another person, as defined in Fed. R. Crim. P. 35, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this Plea Agreement and shall define the terms of such assistance or cooperation, if any.

e. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant

knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255, with the exception of the claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

## 4. FORFEITURE

a. Prior to sentencing, the defendant shall accurately and completely identify every asset that is owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

b. Defendant agrees to fully and truthfully disclose all facts that could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property that may be forfeitable as substitute assets.

c. Defendant agrees to forfeit all forfeitable assets to the United States, including but limited to forfeiting any and all interest and equity in the proceeds traceable to violations of Title 18, United States Code, Section 666, to be offset by the forfeiture of the Jeep registered to the defendant and purchased on or about March 7, 2016. Defendant shall take all steps necessary to transfer these assets to the United States, including, but not limited to, executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States.

d.      At her sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

### 5. FINANCIAL TERMS

a.      Defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees that whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to Title 18, United States Code, Section 3613.

b.      Defendant agrees to fully disclose all assets in which he has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

c.      Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

d.      Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute

Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

### 6. VICTIM RESTITUTION

a.  The defendant shall make full restitution to the victim(s) in amounts to be determined by the Court at sentencing. All restitutions required herein shall be made before sentencing unless otherwise ordered by the Court.

b.  The defendant agrees that notwithstanding any payment schedule imposed by the Court, the United States may take any and all actions authorized by law to collect the maximum amount of restitution in the most expeditious manner available.

### CONCLUSION

There are no other agreements between the United States Attorney for the District of the Virgin Islands and the defendant. The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

Dated: 20 Dec 2019            By: _____
                                  G.A. Massuceo-LaTaif
                                  Criminal Chief

Dated: 1/2/20                      _____
                                  Nathan Brooks
                                  Assistant United States Attorney

Dated: 12/19/2019                  _____
                                  David Cattie, Esq.

8

                                              Attorney for Defendant

Dated: December 19, 2019

                                              Violet Anne Golden
                                              Defendant

## ATTACHMENT A - CONSTITUTIONAL RIGHTS SURRENDERED:

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.  If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.  If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would

not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

      e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.