DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0047 |
| ) | |
| VIOLET ANNE GOLDEN, STEPHANIE ) | |
| BARNES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is the motion of Violet Anne Golden ("Golden") to hold the sentencing hearing in this matter through video conferencing, or in the alternative, to continue the sentencing hearing in this matter.

On May 29, 2019, the Grand Jury returned a 31-Count Superseding Indictment charging Golden and codefendant Stephanie Barnes ("Barnes") with crimes arising out of Golden's and Barne's alleged misuse and misappropriation of the Virgin Islands Casino Control Commission funds. On January 14, 2020, Golden pled guilty to Count 4 and Count 27 of the Superseding Indictment: theft from programs receiving federal government funds in violation of 18 U.S.C. § 666 and failure to file a tax return in violation of 33 V.I.C. § 1524.

A sentencing hearing for Golden is currently scheduled for May 14, 2020. On May 5, 2020, Golden filed a motion to hold her sentencing hearing via videoconference. Golden asserts that as a result of her age and asthma, "she is more susceptible to the adverse effects of the [SARS-CoV-2] virus." *See* ECF No. 209 at 1. Conducting her sentencing hearing in person, Golden argues, would unnecessarily expose her to potential sources of infection and require her to be quarantined upon return to prison afterwards. For these reasons, Golden requests that her sentencing hearing be conducted by videoconference, or alternatively, that her sentencing hearing be continued.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States

*United States v. Golden*
Case No. 3:19-cr-0047
Order
Page 2

that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) (2020). In relevant part, the CARES Act provides:

> [I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President . . . with respect to [COVID-19] will materially affect the functioning of . . . the Federal courts generally . . . , the chief judge of a district court covered by the finding . . . specifically finds . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference.

*Id.*

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally. On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order finding that felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety.

Golden, however, provides no reason why her sentencing "cannot be further delayed without serious interests of justice." *See id.* Accordingly, the Court will deny Golden's request to hold her sentence over video conference. *Cf., e.g.*, *United States v. Collazo*, Crim. No. 2:19-00120, 2020 WL 1905293, at *2 (S.D.W. Va. Apr. 17, 2020) ("In particular, given the applicable sentencing guidelines and the absence of any factors indicating an above-guidelines sentence would be appropriate, the court concludes that delaying sentencing will prejudice defendants because they have already served sentences longer than what is called for under the guidelines.").

The premises considered, it is hereby

*United States v. Golden*
Case No. 3:19-cr-0047
Order
Page 3

**ORDERED** that Violet Anne Golden's motion, docketed at ECF Number 209, is **DENIED** insofar as it seeks to hold the sentencing hearing in this matter through a teleconference; it is further

**ORDERED** that Violet Anne Golden's motion, docketed at ECF Number 209, is **GRANTED** insofar as it seeks to continue her sentencing hearing; and it is further

**ORDERED** that the sentencing hearing as to Violet Anne Golden previously scheduled for May 14, 2020, is **RESCHEDULED** to commence promptly at 9:00 A.M. on June 16, 2020, in Saint Thomas Courtroom 1 before District Judge Robert A. Molloy.

**Dated: May 11, 2020**                                S/     *Robert A. Molloy*
                                                                   **Robert A. Molloy**
                                                                   **District Judge**