DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0047 |
| ) | |
| VIOLET ANNE GOLDEN and STEPHANIE ) | |
| BARNES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Stephanie Barnes' ("Barnes") Motion to Stay, filed on August 20, 2020. (ECF No. 233.) Barnes seeks a stay of the portion of the Judgment ordering co-defendant Violet Anne Golden ("Golden") to forfeit a Jeep Wrangler to the United States as part of her sentence. Both Golden and the United States filed an opposition to Barnes' motion to stay on August 21, 2020, and August 28, 2020, respectively. *See* ECF Nos. 237 and 239. For the reasons stated below, the Court will deny the motion.

On July 11, 2019, the United States filed a twenty-six count indictment, followed by an amended thirty-one count indictment on November 19, 2019, charging Barnes and Golden with numerous offenses stemming from an alleged ongoing conspiracy wherein Golden, then the Chairperson of the Casino Control Commission (the "Casino Commission") and Barnes, then a contractor of the Casino Commission, improperly used Casino Commission funds for personal use. Both defendants pled not guilty to the charges at their initial appearances.

On January 14, 2020, Golden withdrew her previously entered not-guilty plea and pled guilty to Counts Four and Twenty-Seven of the amended indictment. Golden was sentenced by video teleconferencing on August 13, 2020. As part of her plea agreement filed on January 8, 2020, Golden agreed to forfeit all forfeitable assets to the United States that are traceable in interest and equity in the proceeds traceable to violations of certain provisions of federal laws, including "the Jeep registered to [Golden] and purchased on or about March 7, 2016." (ECF No. 161 at 8.) In accordance with this agreement and at the request of the United States, the Court orally pronounced at the sentencing hearing held on August 13, 2020, that Golden must forfeit her interest in a certain 2016 Jeep Wrangler. Golden did not object. Barnes' case remains pending.

Barnes filed the instant motion on August 20, 2020, requesting that the Court stay the imposition of Golden's sentence, alleging that the Jeep Wrangler that Golden was ordered to forfeit to the United States as part of her sentence "was purchased and paid for by Dr. Barnes, not Ms. Golden," and therefore the forfeiture "would violate Dr. Barnes' due process rights under the Fifth Amendment of the United States Constitution." (ECF No. 233, at 3-4.) The veracity of these allegations aside, Barnes' motion is misguided.

Criminal forfeiture is governed by 21 U.S.C. § 853, which provides, in relevant part, that "[a]ny person convicted under a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). Cognizant of interests held by innocent third-parties, Congress carved out a procedure for

*United States v. Barnes et al.*
Case No. 3:19-cr-0047
Order
Page **3** of **3**

asserting one's legal interest in forfeited property. *See* 21 U.S.C. § 853(n). Thus, the proper vehicle for Barnes to assert her alleged interest in the Jeep Wrangler in question is by an ancillary petition and subsequent proceeding as prescribed by section 853(n), not by asking the Court to stay the imposition of Golden's sentence. *See id.; see also, e.g., United States v. Grayson Enterprises, Inc.*, 950 F.3d 386, 410 (7th Cir. 2020) (explaining that a final judgment of forfeiture for a convicted defendant "does not adjudicate any third parties' rights" to the forfeited property "until the ancillary proceeding is completed."); *see also* Fed. R. Crim. P. 32.2(c) (establishing procedure for third party to assert an interest in property that has been forfeited).

The premises considered, it is hereby

**ORDERED** that Barnes' motion to stay filed at ECF No. 233 is **DENIED.**

**Date:** September 2, 2020            */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **District Judge**